IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUDITH LEWIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:12-cv-2540-D (BF) |
| | § | |
| U.S. DEPARTMENT OF HOUSING AND | § | |
| URBAN DEVELOPMENT, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The United States of America, on behalf of Shaun Donovan, Secretary of the United States Department of Housing and Urban Development ("HUD") has filed a motion to dismiss this case brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.*, because Plaintiff has been barred from filing any cases in the Northern District of Texas without the Chief Judge's prior approval. Alternatively, the government argues that Plaintiff's claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for failure to exhaust administrative remedies and Fed. R. Civ. P. 12(b)(6) for failure to state a claim for relief. For the reasons stated herein, the District Court should GRANT the government's motion.

**Background**

This is a *pro se* civil action brought by Judith Lewis under the FTCA against HUD and various HUD employees. In her Original Complaint, Plaintiff alleges that she submitted an application to the Dallas Housing Authority ("DHA") in 1999, but her application was deleted from the DHA computer system. Plf. Compl. at 2, ¶¶ 1-3. After contacting the FBI about the deletion of her DHA application, Plaintiff forwarded her complaint to HUD. *Id.*, ¶¶ 4, 6. Several HUD

employees, including Frank Bacca, Charles Eldridge, Michael Wilson, Chriss Kinnear, and Sharon Green, allegedly participated in handling her complaint. *Id.*, ¶¶ 6-16. However, these employees were allegedly negligent in handling her complaint, and Plaintiff has not received any housing assistance to date. *See id.* at 3, ¶¶ 1-6 & Attach. Plaintiff contends that the HUD employees' conduct violated several federal housing statutes and, as a result, she is entitled to damages under the FTCA. *See id.* at 3.

Plaintiff, who has a history of filing frivolous actions in this judicial district, has been barred from filing new lawsuits without obtaining prior written permission from the Chief Judge. *See Lewis v. Branson*, No. 3:02-CV-1055-G, 2003 WL 44478, at *7 (N.D.Tex. Jan. 3, 2003). On July 19, 2012, Plaintiff mailed a copy of her Original Complaint, together with a request to Chief Judge Fitzwater for permission to file this action, to the Clerk's Office. *See* Plf. Orig. Compl., Attach. at PageID 10. Plaintiff's materials were received on July 23, and this case was opened on July 26. *See id.* & Docs. 1, 3. Plaintiff was thereafter granted leave to proceed *in forma pauperis*. Order, 11/14/12.

The government now moves to dismiss this action on grounds that Plaintiff failed to obtain prior written approval from the Chief Judge to file this lawsuit. The government further argues that Plaintiff's claims must be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction due to a failure to exhaust administrative remedies and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. The issues have been fully briefed, and the motion is ripe for determination.

## Analysis

In this case, Plaintiff sues HUD and various HUD employees for damages under the FTCA. A suit under the FTCA is properly brought against the United States of America and not the responsible federal agency or any federal employee. *See Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988) (*citing* 28 U.S.C. § 1346(b)). The United States has sovereign immunity from suit except where it waives immunity by consent. *See United States v. Sherwood*, 312 U.S. 584, 586 (1941). Under the FTCA, the United States has waived sovereign immunity and consented to suit for monetary damages caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment. 28 U.S.C. § 1346(b)(1); *see also Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). However:

> An action shall not he instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency* and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a) (emphasis added). Presentment of a claim to the appropriate federal agency is a jurisdictional prerequisite to a tort suit against the United States. *See Life Partners Inc. v. United States*, 650 F.3d 1026, 1030 (5th Cir. 2011); *Brewer v. United States*, No. 3-06-CV-1615-BD, 2007 WL 1953474 at *2 (N.D. Tex. Jun. 27, 2007). A claimant may not file suit against the federal government on a tort claim that has not been presented to, and finally denied by, the appropriate federal agency. *See Stancomb v. United States*, 121 F.Supp.2d 1019, 1020 (E.D. Tex. 2000).

In its motion to dismiss, the government contends that Plaintiff never filed an administrative claim with the appropriate federal agency before filing this lawsuit. Because exhaustion is a jurisdictional prerequisite to bringing a claim for money damages against the United States under the FTCA, Plaintiff has the burden of proof on this issue. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Plaintiff has not alleged any facts in her complaint which, if proved, would establish that she filed an administrative claim with HUD for injury or damages under the FTCA. Although Plaintiff has submitted a copy of a motion filed in a state court case brought by Plaintiff against DHA and copies of two pre-applications for housing assistance filed with DHA, none of those materials can be construed as an administrative claim filed with HUD complaining of wrongful conduct by HUD employees. Plaintiff has thus failed to allege that she exhausted her administrative remedies under the FTCA, and her claims must be dismissed for lack of subject matter jurisdiction. *See Guzman v. Dallas Co. Sheriff*, No. 3:02-CV-1490-P, 2002 WL 32508212, at *1 (N.D. Tex. Oct. 8, 2002) (granting Rule 12(b)(1) motion to dismiss where plaintiff failed to allege that he presented his tort claim to appropriate federal agency before filing suit against INS).[1]

## RECOMMENDATION

For the foregoing reasons, the Court recommends that the District Court GRANT the government's motion to dismiss (Doc. 15) for lack of subject matter jurisdiction.

SO RECOMMENDED, May 3, 2013.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The resolution of this jurisdictional issue pretermits consideration of the other grounds raised by the government in its motion to dismiss.

4

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).